IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MORTGAGES UNLIMITED, INC., )<br>)<br>Defendant. ) | Civil Action No. 3:11CV861–HEH |

## MEMORANDUM OPINION
(Denying Plaintiff's Motion to Dismiss)

This matter is before the Court on Plaintiff, SunTrust Mortgage, Inc.'s Motion to Dismiss (Dk. No. 8) the Counterclaim filed by Mortgages Unlimited, Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter has been fully briefed by both parties. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons set forth herein, the Motion will be denied.

## I. BACKGROUND

On December 28, 2011, Plaintiff, SunTrust Mortgage, Inc. ("SunTrust") filed a Complaint against Mortgages Unlimited, Inc. ("Mortgages") alleging breach of contract and breach of express warranty. According to the Complaint, SunTrust and Mortgages entered into a Mortgage Broker Agreement ("Agreement") on April 14, 2006, "whereby Mortgages agreed to originate, process, and broker mortgage loans to SunTrust, and SunTrust agreed to close and fund the loans subject to the terms of the Agreement."

(Compl. at ¶ 7.) As part of the Agreement, Mortgages contracted to indemnify SunTrust "from and against any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses relating to, arising out of, based upon, or resulting from . . . a breach by [Mortgages] of any representation, warranty, term, condition or obligation contained in or made pursuant to this Agreement or elsewhere." (Compl., Ex. 1 at ¶ 15.) In paragraph 9 of the Agreement, Mortgages warranted to SunTrust:

> a.) That it originated, processed and brokered each loan in full compliance with the Agreement and SunTrust's terms;
> b.) That it has complied with all applicable laws;
> c.) That all information contained in the loan applications, as well as the loan application packages, is genuine, complete and accurate, and that they contained no fraudulent or misleading information –'including, without limitations, any information obtained from or concerning the Borrower or the Secured Property, any credit report regarding the Borrower, or any appraisal report regarding the Secured Property'; and
> d.) That each loan constitutes an acceptable investment.

(Id. at ¶ 9 (citing Ex. 1 at ¶ 9).) Mortgages also agreed that it would be responsible for the accurate preparation and completion of each Loan Application Package. Furthermore, Mortgages consented to repurchase any loan it brokered upon the occurrence of an "Event of Default", including: 1) an uncured breach of a representation or warranty; 2) failure to deliver certain documents; 3) submission of materially incomplete, inaccurate, false, or misleading information in a loan application; 4) failure to comply with the Agreement or other terms and conditions; or 5) a bankruptcy filing by Mortgages. (Id. at ¶ 11.)

2

SunTrust claims that it relied on Mortgage's representations as to the accuracy of the loan application packages in reselling the loans to secondary investors including Fannie Mae, Freddie Mac, and other commercial lenders. (Id. at ¶ 12.) According to SunTrust the agreements it entered into with secondary investors contained repurchase obligations and indemnification agreements. Specifically, SunTrust alleges that Mortgages originated and processed the Sine 7295 Loan, which SunTrust funded on or about April 16, 2006. SunTrust then resold the loan to Fannie Mae. On April 15, 2010, the Complaint alleges that "Fannie Mae demanded SunTrust repurchase the Sine 7295 Loan based on its determination that the loan package contained inaccurate, false or misleading information regarding the liabilities held in the borrower's name." (Id. at ¶ 20.) After concurring with the review, SunTrust claims that it repaid Fannie Mae in the amount of $131,681.56. Subsequently, SunTrust filed the immediate Complaint alleging that Mortgages breached the Agreement's indemnification provision and warranties. SunTrust also seeks specific performance under Agreement.

In addition to answering the Complaint, Mortgages filed a Counterclaim alleging that SunTrust breached the covenant of good faith and fair dealing by failing to properly notify Mortgages about the relevant default and subsequent foreclosure and sale of the underlying real property. Mortgages also asserts that SunTrust breached the covenant of good faith and fair dealing by paying an upstream investor when such a payment was not required, or in the alternative, by paying Fannie Mae more than it was owed. Finally, Mortgages argues that SunTrust breached its obligations by failing, as a preliminary step, to recover any losses from other parties.

According to Mortgages' Counterclaim, the Sine 7295 Loan was in default prior to September 2009, and foreclosure proceedings were commenced prior to August 2009. (Answer and Counterclaim at ¶ 7-9.) The property was allegedly sold in September 2009, for approximately $110,000, which according to Mortgages, was less than the property's actual value. Mortgages also claims that SunTrust had no contractual obligation to repay Fannie Mae in the amount of $131,681.56. Moreover, Mortgages claims that it was not notified of the alleged foreclosure, sale, and payment to Fannie Mae until 2011. (Id. at ¶¶ 10-14.)

In response, SunTrust filed the instant Motion to Dismiss Mortgages' Counterclaim. Specifically, SunTrust argues that Mortgages' Counterclaim fails to allege sufficient facts to support a claim for breach of the implied covenant of good faith and fair dealing, fails to plead the existence of a contractual relationship, and fails to plead the existence of any damages.

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

*Bell Atlantic Corp. v. Twombly* amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a

4

claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). Although Rule 8 does not require "detailed factual allegations," it does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. As Judge Niemeyer noted in *Francis v. Giacomelli*, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557 (internal citation omitted). A complaint achieves facial plausibility when it contains sufficient factual allegations to support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 555 U.S. ___, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. In short, the Court must assume the plaintiff's well-pleaded factual allegations to be true, and determine whether those allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

### III. ANALYSIS

In its Motion to Dismiss, SunTrust argues that the Mortgages' Counterclaim fails to allege sufficient facts to support a claim for a breach of the implied covenant of good faith and fair dealing, fails to adequately plead the existence of a contractual relationship,

and fails to plead the existence of damages. The Court will address each of these arguments in turn.

Under Virginia law, the elements of a claim for breach of an implied covenant of good faith and fair dealing are "(1) a contractual relationship between the parties, and (2) a breach of the implied covenant." *Enomoto v. Space Adventures, LTD*, 624 F.Supp.2d 443, 450 (E.D. Va. 2009) (citing *Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 386 (Va. 1996). "The duty of 'good faith' defies a fast and true definition." *SunTrust Mortg., Inc. v. United Guar. Residential Ins. Co. of North Carolina*, 806 F.Supp.2d 872, 895 (E.D. Va. 2011). At minimum, however, it includes "faithfulness to an agreed common purpose and consistency with the justified expectations of the other party [to a contract]." *Id.* (citing Restatement (Second) of Contracts § 205 cmt. a (1981); *see also RW Power Partners, L.P. v. Virginia Elec. & Power Co.*, 899 F. Supp. 1490, 1498 (E.D. Va. 1995) (citing, among other authorities, the commentary of Section 205 of the Restatement for a definition of "good faith"). This duty of good faith and fair dealing prohibits a party from acting arbitrarily, unreasonably, and in bad faith. It also prohibits one party from acting in such a manner as to prevent the other party from performing its obligations under the contract. *See* Restatement (Second) of Contracts § 205 cmt. a (1981).

In the instant case, SunTrust contends that Mortgages' Counterclaim should be dismissed because "the implied covenant of good faith and fair dealing cannot be used to create duties where none exist." (Mem. Supp. Mot. Dismiss Counterclaim [hereinafter

"Pl.'s Mem."] at 5.) Moreover, even if such a duty exists, SunTrust reasons that Mortgages "has failed to plead any action which would not be honest in fact." (Id.)

The Fourth Circuit, however, has made clear that every contract governed by the laws of Virginia contains an implied covenant of good faith and fair dealing. *See Va. Vermiculite, Ltd. v W.R. Grace & Co.*, 156 F.3d 535, 541-42 (4th Cir. 1998); *see also, Enomoto*, 624 F.Supp.2d at 450. Indeed, SunTrust's reliance on the Virginia Supreme Court's decision in *Ward's Equip., Inc. v. New Holland N. Am.*, 493 S.E.2d 516, 520 (Va. 1997), is misplaced. In *Ward's*, the court declared that "when parties to a contract create valid and binding rights [under the laws of Virginia], an implied covenant of good faith and fair dealing is inapplicable to those rights." 493 S.E.2d at 520. This statement, however, "addressed only conduct that Defendant was explicitly authorized to undertake by contract." *Enomoto*, 624 F.Supp.2d at 450. Thus, the Virginia Supreme Court's decision does not contradict the general rule that all contracts contain an implied covenant of good faith and fair dealing. Rather, as observed by the Fourth Circuit, "although the duty of good faith does not prevent a party from exercising its explicit contractual *rights* [under Virginia law], a party may not exercise contractual *discretion* in bad faith, even when such discretion is vested solely in that party." *Vermiculite*, 156 F.3d at 542.

Here, Mortgages has properly pleaded its Counterclaim because it does not seek redress simply through an allegation that SunTrust exercised an explicit contractual right. Instead, Mortgages alleges that although the default, foreclosure, and sale of the underlying property occurred around September of 2009, SunTrust failed to notify

7

Mortgages until 2011. According to SunTrust's original Complaint, the Agreement between the parties obligates Mortgages to repurchase any loan in default within ten days of SunTrust's repurchase demand. Mortgages argues that SunTrusts's failure to timely notify it of the alleged default, foreclosure, and sale of the underlying property adversely impacted Mortgages "ability to recoup its losses" and was contrary to its expectations. (Def.'s Opp'n Pl.'s Mot. Dismiss Def.'s Counterclaim [hereinafter "Def.'s Opp'n"] at 5.) Furthermore, Mortgages avers that SunTrust failed to recoup its losses and, after overpaying Fannie Mae, demanded the inflated sum from Mortgages.[1] (Id. 4-5.) At this early stage of litigation, therefore, Mortgages' Counterclaim adequately alleges that SunTrust acted unreasonably and in bad faith.

The Court next turns to SunTrust's assertion that Mortgages has failed to plead the existence of a contractual relationship. In particular, SunTrust focuses on Paragraph 2 of the Counterclaim in which Mortgages states that it asserts the claim "only to the extent SunTrust has actionable claims against [Mortgages] under the Agreement and/or loan (alleged by SunTrust in its Complaint)." (Answer and Counterclaim, Counterclaim at ¶ 2.) Mortgages then affirms that "[b]y asserting this counterclaim, [it] does not admit or otherwise concede the existence or validity of such Agreement and/or claims." (Id.) Citing these statements, SunTrust argues that Mortgages "does not concede the existence

---

[1] SunTrust's objection to this portion of the Counterclaim on the grounds that Mortgages also has made similar allegations in an affirmative defense must be rejected. "[T]he distinct nature of a remedy and an affirmative defense and the distinct functions they serve in the litigation process, as confirmed by Virginia decisions, counsel that a litigant may seek the remedy of damages under a cause of action for breach of contract and, in response to his adversary's countervailing breach of contract claim, may also invoke" similar affirmative defenses. *SunTrust Mortg., Inc. v. United Guar. Residential Ins. Co. of North Carolina*, 806 F.Supp.2d 872, 888 (E.D. Va. 2011).

or validity of the [Agreement]" and "fails to allege any facts to establish the existence or terms of a different contract." (Pl.'s Mem. at 5.) In the first paragraph of its Answer, however, Mortgages "admits . . . that the parties entered into a written agreement." (Answer and Counterclaim, Answer at ¶ 1.) Mortgages then asserts that the "Agreement" referenced by SunTrust and attached as Exhibit 1 to the Complaint "does not contain a complete copy of that Agreement"; therefore, Mortgages is "without sufficient knowledge to form a belief as to the truth of the allegations regarding that document." (Id.) Taken together, under the liberal pleading standards of Rule 8 of the Federal Rules of Civil Procedure, Mortgages has sufficiently alleged the existence of a contractual relationship between the parties. Thus, SunTrust's Motion to Dismiss for failure to plead the existence of a contractual relationship is denied.

Finally, the Court addresses SunTrust's claim that Mortgages' Counterclaim falls short of pleading any damages. According to SunTrust, Mortgages' request for "actual and compensatory damages in an amount to be proven at trial," (Answer and Counterclaim at 6), along with attorney's fees and costs is insufficient to state a claim for relief. Although Mortgages fails to specify an amount for the damages suffered, to the extent SunTrust has an actionable claim under the agreement,[2] Mortgages has alleged actual loss or injury. Specifically, Mortgages claims that SunTrust failed to provide notification of the default and paid Fannie Mae in excess of its obligations. Therefore, if this Court finds that SunTrust is entitled to compensation under the alleged Agreement,

---

[2] Mortgages explicitly states that the counterclaim is asserted "only to the extent SunTrust has actionable claims against [Mortgages]." (Answer and Counterclaim, Counterclaim at ¶ 2.)

quantifiable damages to Mortgages may arise from this obligation and SunTrust's alleged breach of the covenant of good faith and fair dealing. Furthermore, Mortgages has incurred costs associated with litigating this action. Thus, SunTrust's Motion to Dismiss for failure to allege damages is denied.

## IV. CONCLUSION

For the reasons stated above, Defendant SunTrust's Motion to Dismiss Mortgages' Counterclaim will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                           /s/
                                  Henry E. Hudson
                                  United States District Judge

Date: May 29, 2012
Richmond, VA